IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RASHAD K. RICHMOND, #M41803, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| DEANNA M. BROOKHART, and RUSSELL GOINS, | ) ) ) ) |
| Defendants. | ) |

Case No. 19-cv-00646-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Rashad Richmond, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Hill Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that occurred while at Lawrence Correctional Center ("Lawrence"). Plaintiff claims that he was subjected to cruel and unusual conditions of confinement while at Lawrence, by being held in a cell without a working toilet for almost two months. He seeks monetary damages.

Plaintiff's Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff makes the following allegations: On April 12, 2019, he was placed in segregation under investigative status and assigned to a cell with a nonworking toilet. (Doc. 1, p. 8). Although he notified various prison staff, wrote grievances, went on a hunger strike, and threatened to kill himself, unless the toilet was fixed, the toilet remained broken, and was constantly full of feces and urine. *Id.* at pp. 8-9. On June 7, 2019, in response to his grievance, a counselor came and inspected the toilet. When the counselor saw that the toilet was broken, Plaintiff was moved to a different cell. *Id.* at p. 10.

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to designate the following Count:

> **Count 1:** Eighth Amendment cruel and unusual conditions of confinement claim for being placed in a cell with a broken toilet from April 12, 2019, until June 7, 2019.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

The Court finds that Plaintiff's Complaint, as currently drafted, fails to state a claim upon which relief may be granted. Plaintiff identifies Chief Administrative Officer Deanna Brookhart and Assistant Ward of Operations Russell Goins as defendants in the case caption, but he does not describe how either defendant violated his constitutional rights. In fact, neither defendant is referenced in the statement of claim at all. Federal Rule of Civil Procedure 8(a)(2) requires "'a

---

[1] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Merely invoking the name of a potential defendant by listing him or her in the case caption is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Because Plaintiff has failed to associate his claims with any of the named defendants, the Complaint will be dismissed.

The Court further notes that in the Complaint Plaintiff directs allegations against various staff members at Lawrence, but none of these individuals are listed in the case caption. The Court will not treat individuals not listed in the caption as defendants, and any claims against them are considered dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption").

In light of these deficiencies, Plaintiff's Complaint does not survive preliminary review and shall be dismissed. If he wishes to pursue his claims, Plaintiff must file an amended complaint describing ***how*** defendants, named as a party in the case caption, violated his rights, keeping in mind that in Section 1983 actions, there is no supervisory liability. To be held individually liable a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

**MOTION FOR RECRUITMENT OF COUNSEL**

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which will be denied at this time. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating the test for recruiting counsel). In the Motion, Plaintiff states that he has written several law firms and that his wife has

also tried to contact an attorney, but he has not received any responses. (Doc. 3, p. 1). In regard to his ability to represent himself, Plaintiff claims that he does not know anything about the law. *Id.* at p. 2.

Because he has not provided the Court with rejection letters from any law offices or lawyers, copies of the letters he mailed, or even the names and addresses of those he contacted, the Court finds that Plaintiff has not provided sufficient information regarding his attempts to obtain counsel. Additionally, he states that he has some high school education and his ability to communicate has not precluded him from filing a complaint. Given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel, so the recruitment of counsel is premature. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel...cannot be gauged."). The Court encourages Plaintiff to renew his request for the appointment of counsel at a later date. If Plaintiff does renew his request, he should give the Court rejection letters from at least three lawyers to prove that he has made reasonable efforts to find a lawyer on his own.

## MOTION FOR STATUS

Plaintiff's Motion for Status (Doc. 9) is **DENIED as moot**, in light of this Order.

## DISPOSITION

**IT IS ORDERED** that the Complaint (including **COUNT 1**) is **DISMISSED** without prejudice for failure to state a claim for relief.

**IT IS FURTHER ORDERED** that Defendants **BROOKHART** and **GOINS** are **DISMISSED** from the action.

**IT IS FURTHER ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice and the Motion for Status (Doc. 9) is **DENIED as moot**.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **October 25, 2019**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00646-NJR). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days**

after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 9/20/2019**

                                                                          _____
                                                                          **NANCY J. ROSENSTENGEL**
                                                                          **Chief U.S. District Judge**