## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RASHAD K. RICHMOND,**

                **Plaintiff,**

**v.**                                        **Case No. 19-cv-00646-NJR**

**DEANNA M. BROOKHART,**
**RUSSELL GOINS,**
**CHIEF ENGINEER,**
**STUCK,**
**WHELAN,**
**PETTY,**
**CRAWFORD, and**
**THOMPSON,**

                **Defendants.**

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, Chief Judge:**

Plaintiff Rashad Richmond commenced this civil rights action pursuant to 42 U.S.C. § 1983, while he was incarcerated at Hill Correctional Center, for the deprivations of his constitutional rights that occurred at Lawrence Correctional Center ("Lawrence"). Richmond claims that he was subjected to cruel and unusual conditions of confinement while at Lawrence when he was held in a cell without a working toilet for almost two months. He seeks monetary damages.

The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the

factual allegations of the *pro se* complaint are to be liberally construed. *Rodriquez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## FIRST AMENDED COMPLAINT

Richmond alleges the following: On April 12, 2019, he was placed in segregation under investigative status and assigned to a cell with a nonworking toilet. (Doc. 12, p. 9). He notified various staff members, threatened to kill himself, and went on a hunger strike in order to have the problem resolved, but he remained in the cell for almost two months with a broken toilet full of urine and feces. (*Id.* at pp. 9, 11, 12).

He wrote an emergency grievance, on April 17, 2019, but the grievance was discarded. Richmond wrote a second emergency grievance on May 2, 2019, but Warden Brookhart determined it was not an emergency. (*Id.* at p. 10). When Corrections Officer Petty brought him his food tray, Richmond refused to eat. When asked why he was not eating, Richmond informed Petty that it was because his toilet was broken and no one would fix it. He told Petty that because no one cares, he was going to kill himself. Petty then took him to talk to someone on the mental health/crisis team. (*Id.*). Petty and Corrections Officer Crawford, however, placed him back in the cell. (*Id.* at p. 9). Every shower day he informed Correctional Officer Thompson of the situation. (*Id.* at p. 11). Thompson would respond by having an inmate worker pour a bucket of water in the toilet to help it flush, but this did not work. (*Id.*). Although numerous correctional officers put in work orders for the toilet to be fixed, Russell Goins, the warden of operations, and the chief engineer at Lawrence failed to send maintenance to repair the toilet. (*Id.*). Richmond was finally moved to a different cell on June 7, 2019. (*Id.* at p. 12).

## DISCUSSION

Based on the allegations in the First Amended Complaint, the Court finds it convenient to designate the following Count:

**Count 1:** Eighth Amendment cruel and unusual conditions of confinement claim against Brookhart, Goins, Crawford, Thompson, Chief Engineer, Whelan, Stuck, and Petty for allowing Richmond to remain in a cell with a broken toilet from April 12, 2019, to June 7, 2019.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the First Amended Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

## Count 1

At this stage, the allegations in the First Amended Complaint state a viable claim for deliberate indifference against Goins, John Doe Chief Engineer, Petty, Crawford, and Thompson. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008); *Dixon v. Godinez,* 114 F.3d 640, 643 (7th Cir. 1997) (not only severity but duration of the condition that determines if condition is unconstitutional).

The claims against Warden Brookhart, however, will be dismissed. Richmond alleges that Brookhart is liable because she determined that his grievance was a nonemergency, and she is responsible for the overall operation of the facility. The denial or mishandling of a grievance, standing alone, is not enough to violate the United States Constitution. *Owens v. Evans,* 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who

---

[1] *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 570 (2007). This includes claims against individuals named in the Statement of Facts of the First Amended Complaint, but not identified as defendants in the case caption. The Court will not treat parties not listed in the case caption as defendants. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption").

simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."). Furthermore, Richmond cannot pursue relief against Brookhart based solely on her supervisory role at the prison. *Respondeat superior* liability is not recognized under Section 1983. *Ashcroft v. Iqbal*, 556 US. 662, 676 (2009).

For similar reasons, Stuck and Whelan will also be dismissed. Richmond states that they are responsible for supervising and directing the security staff in conducting safety sanitation of the facility and failed to ensure the safety and sanitation of his cell. These allegations are not sufficient for a claim under Section 1983. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Accordingly, Stuck and Whelan are dismissed.

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Richmond's second Motion for Leave to Proceed *in forma pauperis* ("IFP") is denied as moot (Doc. 11), as he has already been granted leave to proceed IFP. (*See* Doc. 5).

## MOTION FOR APPOINTMENT OF COUNSEL

Richmond has filed a second motion requesting the Court to recruit counsel on his behalf. (Doc. 17). When he first sought counsel, Richmond failed to demonstrate that he had made a reasonable attempt to secure counsel. (*See* Doc. 10). Now on his second try, he again discloses no efforts to locate counsel on his own. He claims that he is in need of an attorney because he is at a small facility where there is no law library and he does not know anything about the law.

Because there is no funding for appointed counsel in civil cases, and private attorneys are asked to represent civil litigants on a *pro bono* basis, litigants must first make a reasonable attempt to secure counsel on their own. Richmond still has not met this first requirement of demonstrating that he has attempted to obtain counsel or that he has been effectively precluded from making a reasonable effort to do so. As such, he fails to meet the first threshold necessary to obtain a Court recruited attorney. [2] Additionally, Richmond's First Amended Complaint survives screening, and this straightforward case currently is proceeding on one count. Richmond appears capable of preparing coherent pleadings, meeting court-imposed deadlines, and otherwise litigating this matter on his own at this stage of the case. Should his situation change as the case proceeds, Richmond may file another motion, but he is directed to include the name and address of at least three attorneys he has contacted, and if available, attach the letters from the attorneys who declined representation. Accordingly, the Second Motion for Appointment of Counsel (Doc. 17) is denied without prejudice.

### IDENTIFICATION OF UNKNOWN DEFENDANTS

Richmond will be allowed to proceed with claims against the newly added John Doe Defendant, Chief Engineer, but this individual must be identified with particularity before service of the First Amended Complaint can be made. Richmond will have the opportunity to engage in limited discovery to ascertain their identity. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In that vein, the warden of Lawrence Correctional Center, Deanna Brookhart, will remain a defendant in her official capacity only and shall be responsible for responding to discovery aimed at identifying

---

[2] In evaluating Richmond's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

this unknown defendant. Once the name of this individual is discovered, Richmond shall file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the First Amended Complaint.

### DISPOSITION

For the reasons set forth above, the First Amended Complaint survives preliminary review pursuant to 28 U.S.C. § 1915A. **Count 1** shall proceed against **Goins, John Doe Chief Engineer, Petty, Crawford**, and **Thompson** and is dismissed against **Brookhart, Whelan,** and **Stuck.** The Clerk of Court is **DIRECTED** to **TERMINATE Whelan** and **Stuck** as defendants in this action. **Warden Brookhart** shall remain a defendant, in her official capacity only, for the purpose of identifying the unknown defendant.

The Motion for Leave to Proceed *in forma pauperis* (Doc. 11) and the Motion for Appointment of Counsel (Doc. 17) are **DENIED.**

The Clerk of Court shall prepare for **Brookhart (official capacity only), Goins, Petty, Crawford, Thompson,** and **John Doe Chief Engineer (once identified)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 12) and this Memorandum and Order to Defendants' place of employment as identified by Richmond. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Richmond, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on **John Doe Chief Engineer** until such time as Richmond has identified them by name in a properly filed motion for substitution. Richmond is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

With the exception of **Brookhart,** Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

**Brookhart** is **ORDRED** to timely enter her appearance, however, she does not need to file an Answer or other responsive pleading. Once **Brookhart** enters her appearance, the Court will enter a discovery order setting guidelines for identifying the unknown defendants. **Brookhart** will be responsible for responding to discovery requests aimed at identifying the unknown defendants propounded in accord with this discovery order.

**IT IS FURTHER ORDERED** that if judgment is rendered against Richmond, and the judgment includes the payment of costs under § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was

granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Richmond is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b)

     **IT IS SO ORDERED.**

     **DATED:   April 20, 2020**

                                           **NANCY J. ROSENSTENGEL**
                                         **Chief U.S. District Judge**

### NOTICE TO PLAINTIFF

     The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Richmond is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Richmond need not submit any evidence to the Court at his time, unless otherwise directed by the Court.