## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RASHAD K. RICHMOND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Cause No. 3:19-cv-00646-GCS** |
| **DEANNA BROOKHART, RUSSELL** | ) | |
| **GOINS, ROBERT PETTY, JOSH** | ) | |
| **CRAWFORD, AUSTIN THOMPSON,** | ) | |
| **and JEFF HAWKINS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Rashad K. Richmond, *pro se*, first filed suit against Defendants Brookhart, Goins, Petty, Crawford, Thompson and "Chief Engineer" (later identified as Defendant Hawkins) on June 13, 2019. (Doc. 1). On April 20, 2020, the Court conducted a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A and allowed Plaintiff to proceed on one count alleging Defendants violated the Eighth Amendment against cruel and unusual conditions of confinement. (Doc. 20 & 12). Pursuant to the Court's initial scheduling order, no discovery was to be conducted until after resolution of the issue of exhaustion of remedies. (Doc. 27). Defendants filed a motion for summary judgment regarding the issue of exhaustion of remedies on August 13, 2020, along with the required notice pursuant to Federal Rule of Civil Procedure 56. (Doc. 32 & 34). Because Plaintiff failed to respond to the motion within thirty days, the Court granted Defendants' motion

for summary judgment on October 8, 2020. (Doc. 46; *see also* SDIL-LR 7.1(c)). Now pending before the Court is Plaintiff's October 23, 2020 motion for reconsideration of the Court's order regarding Defendants' motion for summary judgment. (Doc. 48). For the reasons delineated below, the motion for reconsideration is **DENIED.**

Courts are to consider motions challenging the merits of a district court order as filed pursuant to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Rule 59(e) authorizes relief only in "exceptional cases" and permits a court to amend an order or judgment only if the movant demonstrates a manifest error of law or fact, or if the movant presents newly discovered evidence that was not previously available. *See Willis v. Dart*, No. 16-1498, 671 Fed. Appx. 376, 377 (7th Cir. Dec. 9, 2016)(quoting *Gonzalez–Koeneke v. W.*, 791 F.3d 801, 807 (7th Cir. 2015)); *Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011); *see also Sigsworth v. City of Aurora*, 487 F.3d 506, 511-512 (7th Cir. 2007). Movants must file a Rule 59(e) motion within twenty-eight days of the order.

Relief under Rule 60(b) is also "an extraordinary remedy that is to be granted only in exceptional circumstances." *Willis*, 671 Fed. Appx. at 377 (quoting *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995). *See also N. Cent. Ill. Laborers' Dist. Council v. S.J. Groves & Sons Co.*, 842 F.2d 164, 168 (7th Cir. 1988)(describing a Rule 60(b) ruling as "discretion piled upon discretion") (internal citations omitted). Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a

judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(e) motion.

Defendants Brookhart, Goins, Petty, Crawford and Thompson filed a summary judgment motion on the issue of exhaustion of remedies on August 13, 2020. (Doc. 32). On October 1, 2020, the Court issued an order permitting Defendant Hawkins to join the summary judgment motion. (Doc. 45). Though Plaintiff's response to the motion was due on September 13, 2020, Plaintiff did not file a response. *See* SDIL-LR 7.1(c)(1). Accordingly, on October 8, 2020, the Court dismissed the case without prejudice and found in favor of Defendants on their summary judgment motion pertaining to whether Plaintiff exhausted his administrative remedies. (Doc. 46). Plaintiff filed for reconsideration on October 23, 2020, making his motion timely. *See* FED. R. CIV. PROC. 59(e).

Plaintiff does not contend that there was a manifest error of law or fact or newly discovered evidence that was not previously available as is required under Rule 59(e). Rather, Plaintiff's underlying reason for requesting reconsideration is most similar to the surprise or excusable neglect outlined in Rule 60(b). In his motion for reconsideration, Plaintiff states that he did not know that he had to respond to Defendants' motion for summary judgment. (Doc. 48). The Court's initial scheduling order required that discovery on the merits of Plaintiff's claim be stayed until the Court resolved the issue of whether Plaintiff exhausted his remedies. (Doc. 27, p. 5). Specifically, the scheduling order noted that "any motions filed regarding discovery on the merits will be summarily denied." (Doc. 27, p. 6). Plaintiff claims that this language confused him; instead, he

believed that prior to resolution of the issue of exhaustion of remedies, the Court would deny *any* motions, including but not limited to those concerning discovery. (Doc. 48) (emphasis added). In response, Defendants assert that Plaintiff's justification is disingenuous. (Doc. 49, p. 3). Defendants point out that Plaintiff received multiple warnings that failing to respond to a motion for summary judgment could result in the Court denying that motion, both in the present case, and in Plaintiff's prior litigation. (Doc. 49, p. 3-4).

Courts are to apply a narrow standard to evaluating excusable neglect, considering prejudice to the non-moving party, the length of the delay and its impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith. *See Sherman v. Quinn*, 668 F.3d 421, 425-426 (7th Cir. 2012)(considering excusable neglect in the context of the Federal Rules of Appellate Procedure). This narrow standard is necessary to reinforce that "[s]cheduling orders and court-imposed deadlines matter." *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020). Although *pro se* plaintiffs often receive special consideration during the course of litigation, "even *pro se* litigants must follow procedural rules[,]" including the deadlines set by the Court. *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009).

Excusable neglect is distinct from mere neglect. In order to succeed in showing excusable neglect, the moving party must provide a meaningful explanation for the missed deadline. *See Bowman*, 962 F.3d at 998 (internal citations omitted). This showing is required even if the non-moving party has not suffered prejudice as a result of the delay. *Id.* (citing to *United States v. McLaughlin*, 470 F.3d 698, 700-701 (7th Cir. 2006).

Although Plaintiff asserts that he was confused by the language in the initial scheduling order, throughout both the present litigation and in Plaintiff's prior litigation experience, Plaintiff was consistently warned about the consequences of failing to respond to court orders or opposing parties' motions. First, on July 13, 2020, despite the Court issuing an initial scheduling order with wording identical to that of the scheduling order in this case, Plaintiff successfully filed a response to the defendants' motion for summary judgment on the issue of exhaustion of remedies in *Richmond v. Kessler*, No. 3:19-cv-01096-MAB.[1] Furthermore, in both *Kessler* and the present case, the scheduling orders explicitly stated, in bold and underlined text that "Plaintiff is warned that the failure to respond to the motion for summary judgment may result in an Order granting the motion." (Doc. 27, p. 5; *Kessler*, Doc. 16).

Plaintiff also filed motions in the present case after the Court issued its scheduling order but prior to the close of discovery, undermining his contention that he believed any motions would be dismissed. Specifically, Plaintiff filed a motion for reconsideration of an order declining to appoint counsel (Doc. 28), which was denied; and a motion to substitute Defendant Brookhart for the formerly unknown party, Chief Engineer. (Doc. 31). This motion was granted. (Doc. 35). Finally, in the present case, Defendants filed a Rule 56 notice on the same day as the motion for summary judgment. (Doc. 34). This notice not only outlined the appropriate standards for responding to a motion for summary judgment, but also explained that under the local rules, the Court may, in its

---

[1]     Courts may take judicial notice of judicial decisions. *See Consolidation Coal Co. v. United Mine Workers of America, Dist. 12, Local Union 1545*, 213 F.3d 404, 407 (7th Cir. 2000).

discretion, consider the failure to respond by the given deadline to be an admission on the merits of the motion. (Doc. 34, p. 3, citing to SDIL-LR 7.1(c)).

Defendants would suffer little prejudice as a result of granting the motion for reconsideration; at most, both parties would be required to argue the facts underlying the issue of exhaustion of remedies at a hearing. However, the Court finds Plaintiff's explanation for missing the deadline by which to respond to Defendants' summary judgment motion does not constitute excusable neglect. Though a *pro se* litigant, Plaintiff has considerable experience with litigation in the Southern District of Illinois. Plaintiff also received multiple warnings that failing to respond to Defendants' motion would result in the motion being granted. Given Plaintiff's experience and these warnings, the Court does not believe Plaintiff's confusion amounted to excusable neglect. Accordingly, the motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated:  January 15, 2021.

Digitally signed
by Judge Sison 2
Date: 2021.01.15
14:02:32 -06'00'

_____

GILBERT C. SISON
United States Magistrate Judge